FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 25, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>MIGUEL ANGEL MARTINEZ,<br><br>                    Defendant. | No.    1:16-cr-02079-SAB-3<br><br>ORDER DENYING DEFENDANT'S MOTION FOR A SENTENCE REDUCTION |

Before the Court is Defendant Miguel Angel Martinez's *pro se* Motion for a Sentence Reduction, ECF No. 434. Mr. Martinez moves the Court to grant him a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and the First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194 (2018). ECF No. 434 at 1–2.

On May 3, 2017, Mr. Martinez entered into a Plea Agreement, pleading guilty to Distribution of Methamphetamine. ECF No. 170. The Plea Agreement stipulated to and recommended the Court impose a sentence within a range of eight-four (84) to ninety-two (92) months imprisonment with a four (4) year term of supervised release. *Id.* at 9. On August 16, 2017, this Court sentenced Mr. Martinez to 92 months imprisonment with four years of supervised release. ECF Nos. 225, 233. Mr. Martinez is currently serving his sentence at United States Penitentiary, Thomson, Illinois.

Defendant now moves the Court to reduce his sentence asserting that his Base Offense Level has since been reduced, citing to Amendment 782[1] and 18 U.S.C.

---

[1] In 2014, the United States Sentencing Commission submitted to Congress Amendment 782 to the U.S.S.G., which revised the guidelines applicable to drug trafficking offenses.

ORDER DENYING MOTION FOR A SENTENCE REDUCTION * 1

§ 3582(c)(2). According to Defendant, his Base Offense Level at the time of sentencing was 25. He asserts that if he were sentenced today, his Base Offense Level would have been 23.[2]

The First Step Act of 2018 permits a criminal defendant to move the court to impose a reduced sentence as if it was in effect at the time the defendant committed an offense. *United States v. Kelley*, 962 F.3d 470, 472 (9th Cir. 2020). Specifically, Section 404 of the First Step Act retroactively applies portions of the Fair Sentencing Act of 2010, which lowered the statutory penalties applicable to certain "covered offenses." Pub. L. No. 115–391, 132 Stat. 5222. A "covered offense" is one where the statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act. Notably, the Fair Sentencing Act modified the statutory sentencing range for crack cocaine offenses but did not modify the penalties for methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1).

In this case, Mr. Martinez is ineligible for a sentence reduction because his conviction involves methamphetamine. *United States v. Gonzalez-Oseguera*, No. CR 06-00592 HG-01, 2019 WL 1270916, *2 (D. Haw. Mar. 19, 2019) (denying a motion for sentence reduction under the First Step Act because defendant was convicted of an offense involving methamphetamine); *United States v. Monroy*, No. CR 98-137(3)(DSD/AJB), 2019 WL 5420637, *1 (D. Minn. Oct. 23, 2019) (same). Mr. Martinez does not have a "covered offense" as that term is defined under the Fair Sentencing Act, because his conviction does not involve crack cocaine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1). Because

---

Specifically, the amendment reduced by two levels the offense levels assigned to drug quantities.

[2] United States Probation determined that the total offense level was 29, the criminal history was V, and the sentence range was 140–175 months. The Court ultimately concluded that the total offense level was 23, the criminal history category was V, and the sentencing range was 84–105 months.

ORDER DENYING MOTION FOR A SENTENCE REDUCTION * 2

Mr. Martinez's conviction is not eligible for a sentence reduction under the First Step Act, the motion is denied.

Accordingly, **IT IS ORDERED**:

1. Defendant's Motion for a Sentence Reduction, ECF No. 434, is **denied**.

The District Court Executive is directed to file this Order and provide copies to counsel and *pro se* Defendant.

**DATED** this 25th day of May 2021.



                                          Stanley A. Bastian
                            Chief United States District Judge